UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHN THISTLE,<br><br>                         Plaintiff,<br><br>v.<br><br>THE STATE OF OHIO,<br><br>                         Defendant. | Case No.: 21cv2071-LL-KSC<br><br>**ORDER:**<br>**(1) DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS*<br>**(2) DISMISSING COMPLAINT**<br><br>**[ECF No. 2]** |

## I.   INTRODUCTION

Presently before the Court is the Motion to Proceed *In Forma Pauperis* ("IFP") of Plaintiff David John Thistle ("Plaintiff"). ECF No. 2 ("Mot."). Plaintiff, proceeding *pro se*,[1] alleges that the Ohio Secretary of State's website contains unconstitutional limitations on candidate eligibility to run for the United States House of Representatives. *See generally* ECF No. 1 ("Complaint" or "Compl."). Having considered carefully Plaintiff's Complaint, IFP Motion, and the applicable law, the Court (1) **DENIES** Plaintiff's Motion to Proceed IFP and (2) **DISMISSES** the Complaint without prejudice.

---

[1] In reviewing the instant motion, the Court is mindful that "[a] document filed *pro se* is to be liberally construed … and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

## II. BACKGROUND

Plaintiff alleges that "while researching The OHIO Secretary of State's Official Website to become an 'Official Ballot Candidate for the Office of U.S. Representative,'" Plaintiff discovered that the website unconstitutionally sought to "limit and prevent otherwise fully qualified Ballot Candidates" from running for office. Compl. at 2–3.[2] Plaintiff's does not allege the specific language on the website he takes issue with, but he appears to contend that the website imposes limitations on candidates more stringent than Article 1 of the U.S. Constitution, which only requires that a Representative "when elected, be an Inhabitant of that State in which he shall be chosen." U.S. Const. art. I, § 2.

## III. LEGAL STANDARD

### A. *In Forma Pauperis* Motion

Under 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to pursue a case without payment of the filing fee. Whether an affiant has satisfied § 1915(a) falls within "the reviewing court['s] . . . sound discretion." *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* However, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D. R.I. 1984).

---

[2] Unless otherwise indicated, all page number references are to the ECF generated page number contained in the header of each ECF-filed document.

### B. Screening

The Court is obligated to screen all cases filed IFP pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court must *sua sponte* dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez*, 203 F.3d at 1126–27. Courts "may consider facts contained in documents attached to the complaint" to determine whether the complaint states a claim for relief. *Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

## IV. DISCUSSION

### A. *In Forma Pauperis* Motion

The Court finds that Plaintiff has not met his burden of demonstrating his indigence with particularity, definiteness, or certainty. In *Escobedo*, for example, the filing fees constituted 40% of the plaintiff's monthly income before factoring in her expenses. *Escobedo*, 787 F.3d at 1235. Taking into account the plaintiff's rent and debt payments, the filing fee would have required the entirety of two months' worth of her remaining funds, meaning that the plaintiff "would have to forgo eating during those sixty days, to save up to pay the filing fee." *Id.* Under those circumstances, the Ninth Circuit determined that paying the filing fee would constitute a significant financial hardship to the plaintiff. *Id.* Accordingly, the court reversed the magistrate judge's ruling denying the plaintiff IFP status. *Id.* at 1236.

Here, Plaintiff's IFP motion indicates that his monthly income is $4,620.00. Mot. at 2. Plaintiff indicates that his only asset is a 2016 Kia Soul, and he has $5.23 in a checking

account and $20.00 in a savings account. *Id.* at 3. His monthly expenses average $4,850.00 and consist of the following: mortgage ($2,980.00), utilities ($1,000.00), laundry and dry cleaning ($100.00), home insurance ($200.00), car payment ($500.00), and credit card payment ($70.00). *Id.* at 4. Plaintiff claims that "my retirement pay is not enough to live on in C[alifornia]." *Id.* at 5. Before factoring in expenses, the $402.00 filing fee[3] constitutes less than 10% of Plaintiff's monthly income.

There are inconsistencies in Plaintiff's IFP application. For example, Plaintiff avers his average monthly expenses exceed his monthly income by $230.00; however, Plaintiff does not explain how he pays the difference every month when he only has $25.00 in his bank accounts and no listed assets other than his vehicle. Section 1915(a)(1) requires that Plaintiff attest to "***all assets*** [he] possesses." 28 U.S.C. § 1915(a)(1) (emphasis added). The Court costs are not a significant portion of Plaintiff's monthly income. Although Plaintiff has elected to pay a substantial portion of his income toward a monthly mortgage payment, given Plaintiff's level of income, it appears he is financially able to pay the Court costs.

Given these facts, the Court concludes that Plaintiff is able to pay the requisite fees and costs and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Accordingly, the Court **DENIES** Plaintiff's Motion to Proceed IFP.

**B.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)**

Even if Plaintiff paid the filing fee or had sufficiently demonstrated his indigence, his Complaint would still be dismissed.

Plaintiff seeks to bring his claim pursuant to 18 U.S.C. § 242. Compl. at 2. He requests the Court "immediate[ly] assign[ ] a Federal Prosecuting Attorney from the Office of the U.S. Attorney to thoroughly examine the State of OHIO's Official Election Division

---

[3] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $52.00. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52.00 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

and Website for any and all possible violations of altering of the Constitution of these United States"; "order the Elected and Appointed Officers of the State of OHIO to immediately and without haste restore the Law of Article 1 Section 2 Paragraph 2 of the Constitution of the United States"; and "extend Witness Protection to the Plaintiff and his family due to the nature of the High Political and State Offices held by the Defendants." *Id.* at 3–4.

As an initial matter, Plaintiff seeks to assert his claim pursuant to a statute in the United States Criminal Code, 18 U.S.C. § 242. However, this statute does not provide a private cause of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Therefore, Plaintiff cannot bring a civil suit on the basis of this statute, and he fails to state a claim upon which relief can be granted under this statute.[4]

Additionally, the Court finds that Plaintiff lacks standing to bring the asserted claim because he has not alleged an injury in fact. In order to bring a case in federal court, a plaintiff must demonstrate he or she has "standing." U.S. Const. art. III; *Clapper v. Amnesty Intern. U.S.A.*, 568 U.S. 398, 408 (2013). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Standing focuses on whether a plaintiff has a 'personal stake' in the action such that she will be an effective litigant to assert the legal challenge at issue." *Townley v. Miller*, 722 F.3d 1128, 1135 (9th Cir. 2013). The United States Supreme Court has explained the concept of standing as follows:

> To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.

---

[4] Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible to survive a motion to dismiss).

> Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is certainly impending. Thus, we have repeatedly reiterated that 'threatened injury must be certainly impending to constitute injury in fact, and that [a]llegations of possible future injury' are not sufficient.

*Clapper*, 568 U.S. at 409 (internal citations and quotations omitted).

It does appear from the Complaint that Plaintiff has a personal stake in this action. *See Townley*, 722 F.3d at 1135. Plaintiff contends that he was looking at the Ohio Secretary of State website "to become an 'Official Ballot Candidate for the Office of U.S. Representative.'" Compl. at 2. Further, Plaintiff avers in his IFP Motion that he is a resident of Santee, California. *See* Mot. at 5. Therefore, it appears Plaintiff is not currently an inhabitant of the state where he is attempting to run for a congressional seat. However, Plaintiff does not adequately allege injury in fact. He does not allege that the Ohio Secretary of State prevented him from filing his notice of candidacy or refused his application based on Plaintiff's residency in California. As a result, Plaintiff has not pleaded a "concrete, particularized, and actual or imminent" injury because he has not alleged that he was denied an opportunity to run for a U.S. House of Representatives seat in Ohio based on the language at issue on the Ohio Secretary of State website. *See Clapper*, 568 U.S. at 409. Accordingly, Plaintiff's Complaint must be dismissed for the additional reason that he lacks standing to maintain the present action.

## V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP is **DENIED**;

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**; and

3. Plaintiff is **GRANTED thirty (30) calendar days** from the date on which this Order is electronically docketed, or in other words by, **Wednesday**, **April 30, 2022,** in which to reopen his case by both (1) paying the entire $402.00 statutory and administrative filing fee and (2) filing an amended complaint.

Any amended filing must be complete in itself, without reference to Plaintiff's original Complaint. Any claim not re-alleged in Plaintiff's amended complaint will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). If Plaintiff fails to pay the $402.00 filing fee in full, this action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

DATED:   March 22, 2022

**HON. LINDA LOPEZ**
United States District Judge